OPINION. Oppek, Judge: When this same partnership was before the Tax Court for prior years, it was held not to be valid for Federal income tax purposes on the authority of the Tower[1] and Lusthaus [2] cases, which were then the last word from the Supreme Court on the subject. Horowitz was held to be a valid partner as having contributed vital additional services. But as the law then stood it is impossible to quarrel with the previous conclusion that the wives of the present petitioners contributed no vital or managerial services and no capital originating with them. The result that the partnership should not be recognized was well-nigh automatic. That this decision was affirmed per curiam in open court, Fainblatt v. Commissioner, (C. A. 2) 172 F. 2d 389, certioari denied 337 U. S. 957, is hence no cause for surprise. Although the record in the prior proceeding is before us and, in fact, becomes by agreement a part of the present evidence, and although the issue was raised by his original answer, respondent now expressly disclaims any reliance on res judicata or collateral estoppel.[3] He says, with respect to the previous proceeding, only that “respondent finds it inconceivable to believe that the Supreme Court would have denied certiorari had it believed Fainblatt to be contrary to the spirit and purpose of Culbertson. For that reason, the decision in the prior Fainblatt case should have high persuasive value.” [4] We are forced to differ. No inference from a denial of certiorari can be drawn as to the correctness of the decision below. The denial of a writ of certiorari imports no expression of opinion npon the merits of the case, as the har has been told many times. * * * [United States v. Carver, 260 U. S. 482, 490.] It remains only to consider the circumstances of this controversy on its own merits, but in the light of the principles propounded by Commissioner v. Culbertson, 337 U. S. 733, and the cases which subsequently apply them. We are required by that authority to determine whether the present arrangement resulted in the carrying on of the business with the participation of the wives “in good faith” and for “a business purpose.” While the absence- of vital services, managerial participation, and original capital is said to place upon petitioners a “heavy burden” of persuading us of this fact, Commissioner v. Culbertson, supra, at 744, this burden may be discharged by showing that “notwithstanding the lack of these elements some other evidence exists from which the requisite intent and business purpose may be gathered.” Herman Feldman, 14 T. C. 17, affd. (C. A. 4) 186 F. 2d 87. The purpose for which this venture was organized had, on this record, an unimpeachable business objective. Horowitz was admitted because otherwise the business was in danger of losing his concededly important, if not indispensable, talents. That his participation is to be recognized as valid results not only from the evidence in the prior proceeding and here but is, in fact, not now resisted by respondent. But according to the stipulated evidence, the entry of petitioners’ wives at the same time was a prerequisite to this result. This is an inescapable fact not merely because there was testimony to that effect in this proceeding as well as in the prior one, but even more conclusively because the earlier Memorandum Opinion in the Tax Court found that: All members of the family were anxious to retain Horowitz’ services. However, Margaret Horowitz felt that by transferring to him half of her interest she would not have an equal voice with her brothers in the management of the company and that the only solution to the problem was for them to turn over half of their interests to their wives, in order to equalize the positions of all three petitioners [the present petitioners and Margaret]. The several members of the family finally agreed to establish a partnership composed of the petitioners as general partners and of their respective spouses as special or limited partners. The formation of the partnership was prompted and organized solely by the insistence of Horowitz * * * [Emphasis added.] And it is stipulated here that “[t]he Findings of Fact as set forth in [the Opinion in the prior proceeding] are agreed upon as being a true and correct statement of facts.” It is hence inadmissible for respondent to argue, as he does, “that this could not be the reason for the formation of the limited partnership, because under the terms of the agreement the limited partners had no voice or control in the management of the business * * *. So that explanation is spurious in nature.” We have accordingly included in our present Findings of Fact a statement of the business purpose similar to that stipulated to be the correct one. The partnership having been organized for a purpose necessarily embedded in the whole operation of the business, and presumably having been continued for that same purpose, we can only look to the surrounding circumstances for evidence of petitioners’ good faith. For this we are admonished in Commissioner v. Culbertson, supra, at 742, to look at “[1] the agreement, [2] the conduct of the parties in execution of its provisions, [3] their statements, [4] the testimony of disinterested persons, [5] the relationship of the parties, [6] their respective abilities and [7] capital contributions, [8] the actual control of income and [9] the purposes for which it is used * * Nothing appears in the present record to cast doubt upon the bona tides of the arrangement. Since the existence of a business purpose is postulated, it is not sufficient that the wives took no part in the conduct or management of the business in view of the limited partnership form. Western Construction Co., 14 T. C. 453, affirmed per curiam (C. A. 9) 191 F. 2d 401. Nor is it important that the “gift” to the wives left them no freedom to withdraw it from the business, no control over the declaration of profits, and no power to terminate the partnership. Edward D. Sultan, 18 T. C. 715, affirmed per curiam (C. A. 9) 210 F. 2d 652. And this is not such a case, regarding the gift of the partnership interest as a capital contribution by the wives, as would permit us to say that capital was not an important income-producing factor. Lyman A. Stanton, 14 T. C. 217, affd. (C. A. 7) 189 F. 2d 297; Wisdom v. United States, (C. A. 9) 205 F. 2d 30. We have found to the contrary, as was done on the previous record. Apparently the wives did, in fact, participate in the profits and probably were entitled to do so periodically under the provision of the agreement which calls for the division of profits at the end of each fiscal year. In the prior proceeding we found that: “All partnership profits have been credited equally to the six partners. The amounts received by Aida Fainblatt and Dorothy Fainblatt were deposited by them in their own separate bank accounts. They have made their own separate investments. Their husbands have furnished all the money for the household expenses.” While there is some evidence here that several investments of a family nature were made by the wives, there is none that this was forced upon them or that they could on this account be said to have been deprived of the control over the partnership income which the previous proceeding demonstrates that they had. Maiatico v. Commissioner, (C. A., D. C.) 183 F. 2d 836, reversing 12 T. C. 146. We are accordingly unable to discern any respect in which an examination of the considerations described in Culbertson would justify the failure to recognize this partnership. Certainly its termination within a year after Horowitz’s death and the consequent removal of the cause for its formation is, if anything, a reinforcement of the evidence of a business purpose. As respondent says, “In effect the general partners went back to the same partnership relationship as existed prior to the agreement of November 1, 1940.” While this is a circumstance not before the Court in the earlier proceeding, we are unable to see in it anything detrimental to petitioners’ position. We have accordingly made our ultimate finding in petitioners’ favor. Decisions will be entered under Rude 50. Commissioner v. Tower, 327 U. S. 280. Lusthaus v. Commissioner, 327 U. S. 293. It is true that at one point respondent’s brief contains the statement: “This determination was made by the Court in the prior proceedings, and, as has been argued in I, supra, would appear to be a Anal determination not subject to relitigation. However, if collateral estoppel is not applicable here * * But there is no “I, supra”; the brief was Aled with some eight pages apparently deleted from the original draft; and we take it that the fact is that this statement was retained through inadvertence and does not affect respondent’s affirmative renunciation of the argument based upon collateral estoppel. Certiorari was denied, 337 D. S. 957, on the same day that Commissioner v. Culbertson, 337 U. S. 733, was decided.